UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUELDA E. BROWN,<br><br>         Plaintiff,<br><br>  -against-<br><br>MONTEFIORE MEDICAL CENTER,<br>DIANE RODRIGUEZ, ARETHA MACK,<br>VERONICA CRUTE, ANTHONY LEUNG,<br>and RUSSELL REILLE,<br><br>         Defendants. | **ORDER**<br><br>18 Civ. 3861 (PGG) (KHP) |

PAUL G. GARDEPHE, U.S.D.J.:

    Pro se Plaintiff Guelda E. Brown brings this employment discrimination action against Montefiore Medical Center and certain present or former Montefiore employees. Brown claims that Defendants discriminated against her based on her Dominican heritage and her religious beliefs as a Jehovah's Witness. Brown further alleges that Defendant Reille discriminated against her on the basis of her sex, in that he failed to promote her after she rejected his sexual advances. The Amended Complaint asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII); 42 U.S.C. § 1981 ("Section 1981"); the New York State Human Rights Law ("NYSHRL"); and the New York City Human Rights Law ("NYCHRL"). Brown also claims that she was denied medical leave in violation of the Family Medical Leave Act ("FMLA"). Finally, the Amended Complaint asserts state law claims for assault, negligence, and breach of contract. (Am. Cmplt. (Dkt. No. 26) at 3-4)

    Defendants moved to dismiss, and Magistrate Judge Katharine Parker – to whom the motion had been referred for a Report and Recommendation ("R & R") – issued an R & R recommending that the motion be granted in part and denied in part. (See R & R (Dkt. No. 47)) Plaintiff has filed no objections to the R&R. Defendants have objected to the R & R to the

extent that Judge Parker recommends that certain of Plaintiff's claims be dismissed without prejudice. (Def. Objections (Dkt. No. 50))

For the reasons stated below, this Court will adopt Judge Parker's R & R in its entirety.

## BACKGROUND

I.  **FACTS**[1]

Plaintiff is a "53-year-old Afro-Domin[i]can woman born in the United States"; she "actively practic[es] as a Jehovah's Witness," having converted to that religion in 2013. (Am. Cmplt. (Dkt. No. 26) at 8, 9) Plaintiff began working at Montefiore in 1995 as a medical secretary. (Id. at 8) Throughout Plaintiff's employment at Montefiore, the hospital had in place "various human resources policies," including "zero tolerance [for] disruptive behavior and violence or abuse." (Id. at 9) These policies "form part of [Plaintiff's] employment agreement and the employment agreements of each of the [individual] Defendants." (Id.)

In 2008, Plaintiff became a senior clerk in the Medical Center's Home Care department. (Id. at 8) There, Defendant Rodriguez – "a white woman . . . and an actively practicing Christian and [church] Deacon" – was her direct supervisor until Rodriguez retired in July 2017. (Id. at 8-9) After Rodriguez's retirement, Defendant Leung – an Asian-American man who is not a Jehovah's Witness – became Plaintiff's direct supervisor. (Id.) Defendants Mack and Crute – both African-American women, the former Muslim and the latter "practicing a religion other than Jehovah's witness" – were also senior clerks in the Home Care department. (Id. at 8)

---

[1] Unless otherwise noted, the following facts are drawn from the Amended Complaint, and are presumed true for purposes of resolving Defendants' motion to dismiss. See Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007).

Plaintiff maintains that "[t]hroughout [her] employment, Defendants Rodriguez and Mack actively and consistently harassed, discriminated against and retaliated against" her, treatment she understood "to be a result of her Afro-Dominican heritage," and which worsened after she became a Jehovah's Witness. (Id. at 9) According to Plaintiff, Defendant Rodriguez told Plaintiff – in front of co-workers – "I hate Dominicans because they play bachata music all night long and don't let me sleep." (Id. at 10) Moreover, in 2015, Rodriguez "repeatedly instructed [Plaintiff] that she was forbidden to speak Spanish to her colleagues . . . even on Plaintiff's own time, including in private conversations and on break." Plaintiff's Ecuadorian and Puerto Rican colleagues – with whom Plaintiff conversed in Spanish – were not told to stop speaking Spanish, however. (Id. at 10)

As to Plaintiff's religion, Defendant Rodriguez asked every December why she didn't celebrate Christmas. (Id. at 12) In December 2016, Rodriguez "sent each of Plaintiff's officemates wrapped gifts," but gave Plaintiff "a dirty green reusable shopping tote." (Id. at 11) Moreover, "[o]n at least six separate occas[]ions between 2015 and 2018, Defendant Mack said [to Plaintiff] 'please lord, get the demons out of here,' 'you are Satan[,]' and 'you are the devil.'" (Id. at 12) In April 2017, Mack told Plaintiff that she did not "want [Plaintiff] here." (Id.) In December 2017, Plaintiff was excluded from a photograph of her department, which was part of the office's holiday decorations. (Id. at 11)

Plaintiff also claims that she experienced negative treatment that similarly-situated coworkers – who are not Dominican and are not Jehovah's Witnesses – did not experience. For example, Defendant Rodriguez did not provide Plaintiff with important training that others received, and Defendant Mack withheld telephone messages meant for Plaintiff. (Id. at 10, 11-12)

3

As to sex discrimination, Plaintiff alleges that in 2015, Plaintiff approached Defendant Reille – a nurse manager at Montefiore – about applying for a more senior position that offered higher compensation. (Id. at 9, 13) Reille responded by "look[ing] seductively at [Plaintiff], position[ing] his person suggestively[,]" and asking Plaintiff whether she liked him. When Plaintiff rebuffed this advance, "Defendant Reille refused to provide [Plaintiff] with the reference number required to apply for the open senior position." (Id. at 13) Defendant Rodriguez also refused to provide the reference number, telling Plaintiff that Reille did not want her to receive the position. Plaintiff's inquiries to Human Resources about the position went unanswered. (Id. at 14)

Plaintiff further alleges that Defendants Mack and Crute threatened her. In January 2018, after Plaintiff complained to Defendant Leung about Defendant Mack's conduct, Mack told Plaintiff: "'keep it up – you are going to see what is going to happen to you.'" (Id. at 12) Plaintiff "suffered severe stress" as a result of Mack's conduct, and had a panic attack that resulted in an emergency room visit. Plaintiff's psychiatrist recommended that Plaintiff transfer to a different position because of the "hostility she [was] exposed to in her work environment," and Plaintiff stayed out of work for 30 days. (Id.) The following month, after Plaintiff informed Defendant Leung that Defendant Crute had made a personal call, Crute – "in a menacing tone and standing in an aggressive and intimidating posture[–] pointed at [Plaintiff] and yelled words to the effect of : 'You'll see. You're going to get yours.'" Leung – who witnessed the event – took no action. Although Plaintiff was moved to another location after reporting this incident to Human Resources, she still encountered Crute regularly. (Id. at 13) In April 2018, Plaintiff's therapist concluded that Plaintiff was unable to work, and she has been on leave without pay since that time. (Id.)

4

Plaintiff further alleges that Defendant Rodriguez "deliberately withheld information from [Plaintiff] concerning Montefiore's Family Medical Leave Act program," and "repeatedly threatened to terminate Plaintiff's employment for attending to her ill son." Plaintiff claims that other employees were given such information and were permitted to take family and medical leave. (Id. at 10) Rodriguez "frequently rejected Ms. Brown's requests for personal leave while accepting or approving similar requests from [Plaintiff's] non Jehovah's [W]itness colleagues." (Id.) Indeed, Rodriguez told Plaintiff "that she deliberately rejected [Plaintiff's] requests for personal leave," stating "'you . . . are the only one who I do not give personal leave to on short notice.'" (Id. at 11) In August 2016, Defendant Leung refused to recognize "[Plaintiff's] absence [for a specialist medical appointment] as sick time." (Id.)

## II. PROCEDURAL HISTORY

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 28, 2018 (see Notice of Charge of Discrimination (Dkt. No. 35-1)), and she received a right-to-sue letter on April 17, 2018. (See Notice of Right to Sue (Dkt. No. 2) at 9) The Complaint in the instant action was filed that same day, and alleges claims under Title VII and the NYCHRL against Montefiore Medical Center, Diana Rodriguez, Aretha Mack, Veronica Crute, Anthony Leung, and Russell Reille. (Cmplt. (Dkt. No. 2) at 4-5)

On August 20, 2018, Defendants moved to dismiss the Complaint, and on August 23, 2018, this Court referred the motion to Magistrate Judge Parker. (Mot. (Dkt. No. 15)); Order of Reference (Dkt. No. 20)) On August 27, 2018, Plaintiff sought leave to file an amended complaint. (Aug. 27, 2018 Pltf. Ltr. (Dkt. No. 21)) Defendants informed Judge Parker that they did not oppose Plaintiff's request to amend. (Sept. 18, 2018 Def. Ltr. (Dkt. No. 23))

Accordingly, Judge Parker terminated the motion to dismiss, and directed Plaintiff to file an amended complaint by September 28, 2018. (See Order (Dkt. No. 24))

Plaintiff filed an amended complaint on September 28, 2018. (Am. Cmplt. (Dkt. No. 26)) The Amended Complaint alleges discrimination on the basis of race, nationality, religion, and sex, in violation of Title VII, Section 1981, the NYSHRL, and the NYCHRL; violation of the FMLA; and breach of contract, assault, and negligence. (Id.) Defendants moved to dismiss all claims other than Plaintiff's Section 1981 claim. (Mot. (Dkt. No. 34)) Plaintiff filed an untimely opposition letter (Mar. 26, 2019 Pltf. Opp. Ltr. (Dkt. No. 43)), which Judge Parker considered over Defendants' objection. (Order (Dkt. No. 45))

### III. THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Judge Parker issued an R & R recommending that Defendants' motion to dismiss be granted in part and denied in part. (R & R (Dkt. No. 47)) Judge Parker concludes that Plaintiff "sufficiently allege[s], though just barely, plausible claims of hostile work environment based on national origin and religion under Title VII, the [NYSHRL,] and the NYCHRL"; that Plaintiff sufficiently alleges retaliation under those statutes; and that Plaintiff sufficiently alleges aiding and abetting liability under the NYSHRL and the NYCHRL for discriminatory harassment and retaliation against Defendants Mack, Crute, and Leung. (Id. at 18, 21, 27)

Judge Parker recommends, however, that Plaintiff's sex discrimination and sexual harassment claims be dismissed, finding that (1) any such claim under Title VII is time-barred; and (2) that Plaintiff fails to state a claim under the NYSHRL and the NYCHRL. Judge Parker further recommends that Plaintiff's FMLA claim be dismissed, because "the [Amended Complaint] does not set forth any facts from which the Court could conclude that Plaintiff was eligible for FMLA leave, that she notified her employer of her intent to take such leave[,] or that

6

she was denied FMLA leave." (Id. at 11-13, 22) Judge Parker concludes that dismissal of Plaintiff's sex discrimination/sexual harassment claims under Title VII claim should be with prejudice, but that Plaintiff's sex discrimination/sexual harassment claims under the NYSHRL and NYCHRL, and her FMLA claim, should be dismissed without prejudice. (Id. at 28) Judge Parker further recommends that Plaintiff's breach of contract, assault, and negligence claims should be dismissed with prejudice because (1) as to breach of contract, Plaintiff "has not [pled] that she has an actual employment agreement with the [h]ospital"; (2) as to assault, Plaintiff's allegations "f[a]ll short of pleading the physical conduct sufficient to cause a reasonable apprehension of imminent physical harm"; (3) as to negligence, lack of factual basis and preemption under the New York Workers' Compensation Law. (Id. at 23, 24, 26)

## IV. DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION

Plaintiff filed no objections to the R & R. Defendants object to the R&R to the extent that Judge Parker recommends that Plaintiff's sex discrimination/sexual harassment claims under the NYSHRL and NYCHRL, and her FMLA claim, be dismissed without prejudice. Defendants contend that these claims should be dismissed with prejudice, because any attempt to amend would be futile. (Def. Objections (Dkt. No. 50) at 3-4)

## DISCUSSION

### I. LEGAL STANDARDS

#### A. Review of a Magistrate Judge's Report and Recommendation

This Court "may accept, reject, or modify, in whole or in part," findings or recommendations issued by a magistrate judge. 28 U.S.C. § 636(b)(1).

A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." Id. "To the extent,

7

however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., 07 Civ. 6865 (LTS), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (citation and internal quotation marks omitted)).

A "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); see also Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

### B. Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In considering a motion to dismiss . . . the court is to accept as true all facts alleged in the complaint," Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007) (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir.

8

2002)), and must "draw all reasonable inferences in favor of the plaintiff." Id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)). A complaint is inadequately pleaded "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests," Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to establish entitlement to relief]." Iqbal, 556 U.S. at 678. "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Hayden v. Cty. of Nassau, 180 F.3d 42, 54 (2d Cir. 1999)). Additionally, "[w]here a document is not incorporated by reference, the court may never[the]less consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." Id. (quoting Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006)).

A "pro se complaint . . . [is] interpret[ed] . . . to raise the 'strongest [claims] that [it] suggest[s].'" Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) ); see Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 145-46 (2d Cir. 2002) ("When considering motions to dismiss a pro se complaint such as this, 'courts must construe [the complaint] broadly. . . .'" (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000))). "However, although pro se filings

9

are read liberally and must be interpreted 'to raise the strongest arguments that they suggest,' a pro se complaint must still 'plead sufficient facts to state a claim to relief that is plausible on its face.'" Wilder v. United States Dep't of Veterans Affairs, 175 F. Supp. 3d 82, 87 (S.D.N.Y. 2016) (citations omitted). Moreover, "the court need not accept as true 'conclusions of law or unwarranted deductions of fact,'" Whitfield v. O'Connell, No. 09 Civ. 1925 (WHP), 2010 WL 1010060, at *4 (S.D.N.Y. Mar. 18, 2010) (quoting First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994)), and "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice,'" even for purposes of a pro se complaint. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 556 U.S. at 678).

## II. ANALYSIS

Defendants object to Judge Parker's R&R to the extent that it recommends that Plaintiff's NYSHRL and NYCHRL sex discrimination claims, and her FMLA claim, be dismissed without prejudice. Defendants contend that these claims should be dismissed with prejudice, because any amendment would be futile. (Def. Objections (Dkt. No. 50) at 4)

District courts "ha[ve] broad discretion in determining whether to grant leave to amend," Gurary v. Winehouse, 235 F.3d 792, 801 (2d Cir. 2000), and leave to amend should generally be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may properly deny leave to amend, however, in cases of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); see also Murdaugh v. City of New York,

10 Civ. 7218 (HB), 2011 WL 1991450, at *2 (S.D.N.Y. May 19, 2011) ("Although under Rule 15(a) of the Federal Rules of Civil Procedure leave to amend complaints should be 'freely given,' leave to amend need not be granted where the proposed amendment is futile."). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002) (citation omitted).

In her R & R, Judge Parker explains that – in order to plead a claim for discriminatory failure to promote premised on sex discrimination, Plaintiff must allege facts demonstrating that "(1) [S]he is a member of a protected class; (2) her job performance was satisfactory; (3) she applied for and was denied promotion to a position for which she was qualified; and (4) the position remained open and the employer continued to seek applicants." (R & R (Dkt. No. 47) at 12) Here, however, Plaintiff "fail[ed] to provide the Court with any of the facts necessary to show discriminatory failure to promote": she did not, inter alia, identify the job title, nor allege that she was qualified for the job, nor allege that she applied for and was denied the job, nor allege that the position remained open. (Id. at 13)

As to Plaintiff's FMLA claim, Judge Parker explains that to state a claim for interference under the FMLA, "[a] plaintiff must sufficiently allege that: (1) she is an eligible employee under the statute; (2) that defendant constitutes an FMLA employer; (3) she was entitled to leave under the FMLA; (4) she notified her employer of her intent to take FMLA leave; and (5) she was denied FMLA benefits." (R & R (Dkt. No. 47) at 21 (citations omitted)) The Amended Complaint does not, however, "set forth any facts from which the Court could conclude that Plaintiff was eligible for FMLA leave, that she notified her employer of her intent to take such leave[,] or that she was denied FMLA leave." (Id. at 22)

11

With respect to Plaintiff's NYSHRL and NYCHRL sex discrimination claims, and her FMLA claim, Defendants argue that "Plaintiff cannot address the[] deficiencies in the Amended Complaint," and accordingly that amendment would be futile. (Def. Objections (Dkt. No. 50) at 4-5) Defendants do not explain, however, why Plaintiff will not be able to address the deficiencies Judge Parker outlines in her R & R. For the most part, the defects identified by Judge Parker concern inadequate factual allegations, and it is not obvious at this stage that Plaintiff cannot plead additional facts. Accordingly, this Court cannot find that amendment would be futile.[2]

In arguing that amendment would be futile, Defendants also contend that "Plaintiff has had no less than <u>four</u> occasions to explain in detail any purported discrimination in connection with the alleged failure to promote and her FMLA interference claim." (Def.

---

[2] Defendants argue that Plaintiff's NYSHRL and NYCHRL sex discrimination claims must fail, because Plaintiff did not apply for the position at issue. (Def. Br. (Dkt. No. 36) at 11-12) It is true, as Judge Parker observes, that "[a] failure to apply for a position is generally fatal to a claim for discriminatory failure to promote." (R & R (Dkt. No. 47) at 12 (citation omitted)) Plaintiff alleges, however, that Defendants in effect prevented her from applying for the position:

> When Plaintiff refused [Defendant Reille's] advance, Defendant Reille refused to provide Ms. Brown with the reference number required to apply for the open senior position. Still, Plaintiff tried to secure the position. She contacted Human Resources. Human Resources personnel would not answer Plaintiff's inquiries about the position, and referred Plaintiff to Defendant Rodriguez. Defendant Rodriguez told Plaintiff words to the effect of "I am not giving you the reference number. Russell [Reille] does not want you there."

(Am. Cmplt. (Dkt. No. 26) at 13-14) Under these circumstances, Plaintiff's failure to submit a formal application is not necessarily fatal to her claim. "A plaintiff need not show that she applied for a specific position . . . if '(1) the vacancy at issue was not posted, and (2) the employee either had (a) no knowledge of the vacancy before it was filled or (b) attempted to apply for it through informal procedures endorsed by the employer.'" Tulino v. City of New York, No. 15-CV-7106 (JMF), 2016 WL 2967847, at *5 (S.D.N.Y. May 19, 2016) (quoting Petrosino v. Bell Atl., 385 F.3d 210, 226-27 (2d Cir. 2004). Although it is clear from the Amended Complaint that Plaintiff had "knowledge of the vacancy," she may allege facts demonstrating that the vacancy was not posted and that her efforts to apply through informal channels were frustrated by Defendants, who acted with discriminatory intent.

12

Objections (Dkt. No. 50) at 4 (emphasis in original)) In this regard, Defendants note that "all of the deficiencies identified by the Magistrate Judge in Plaintiff's pleadings were specifically enumerated in Defendants' Motion to Dismiss." (Def. Objections (Dkt. No. 50) at 4) Courts may, of course, deny leave to amend where "plaintiffs hav[e] already had an opportunity to amend the complaint with notice of its deficiencies." Blanchard v. Katz, 705 F. Supp. 1011, 1013-14 (S.D.N.Y. 1989). Here, however, no court advised Plaintiff of the deficiencies in the Amended Complaint until Judge Parker issued her R&R. Accordingly, this Court will not deny Plaintiff leave to amend on the ground that she has previously demonstrated an unwillingness or inability to cure pleading defects.

As to the remainder of Judge Parker's R & R, this Court concludes that it is in all respects in accordance with the law, and that "there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). Accordingly, the R & R will be adopted in its entirety,

## CONCLUSION

For the reasons stated above, the R&R is adopted in its entirety. Defendants' motion to dismiss is granted in part and denied in part. Plaintiff's claims for sex discrimination under Title VII, breach of contract, assault, and negligence are dismissed with prejudice. Plaintiff's sex discrimination claims under the NYSHRL and the NYCHRL, and her FMLA claim, are dismissed with leave to amend. Defendants' motion is otherwise denied. The Clerk of Court is directed to terminate the motion. (Dkt. No. 34)

Any motion for leave to file a Second Amended Complaint is to be served and filed by August 12, 2019. The proposed Second Amended Complaint must be attached as an exhibit.

The Clerk of Court is directed to mail a copy of this order via certified mail to <u>pro se</u> Plaintiff Guelda E. Brown, 611 West 156th Street, New York, N.Y. 10032.

Dated: New York, New York
July 21, 2019

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge