UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUELDA E. BROWN,

       Plaintiff,

-against-

MONTEFIORE MEDICAL CENTER,
DIANE RODRIGUEZ, ARETHA MACK,
VERONICA CRUTE, ANTHONY LEUNG,
and RUSSELL REILLE,

       Defendants.

**ORDER**

18 Civ. 3861 (PGG) (KHP)

PAUL G. GARDEPHE, U.S.D.J.:

    Pro se Plaintiff Guelda E. Brown brings this employment discrimination action against Defendants Montefiore Medical Center ("Montefiore"), Diane Rodriguez, Aretha Mack, Veronica Crute, Anthony Leung, and Russell Reille. The Amended Complaint asserts claims for race, national origin, religious and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Brown also claims that she was denied medical leave in violation of the Family Medical Leave Act ("FMLA"). Finally, Brown asserts state law claims for assault, negligence, and breach of contract. (See Am. Cmplt. (Dkt. No. 26) at 3-4)

    On July 21, 2019, this Court dismissed Plaintiff's claims for (1) sex discrimination under Title VII, the NYSHRL, and the NYCHRL; (2) FMLA violations; and (3) assault, negligence, and breach of contract. (July 21, 2019 Order (Dkt. No. 52) at 13)

    On July 25, 2023, this Court granted Defendants Montefiore, Mack, Crute, and Leung summary judgment on (1) Plaintiff's hostile work environment claims under Title VII, Section 1981, and the NYSHRL; and (2) Plaintiff's retaliation claims under Title VII, Section

1981, the NYSHRL, and the NYCHRL. The Court declined to exercise supplemental jurisdiction over Plaintiff's hostile work environment claim under the NYCHRL, and dismissed that claim without prejudice. (July 25, 2023 Order (Dkt. No. 124) at 39)

Given that Defendant Rodriguez has not appeared in this case and had not joined in the Defendants' motion for summary judgment, this Court directed Plaintiff to show cause why her claims against Defendant Rodriguez should not be dismissed. This Court noted that Plaintiff's claims against Defendant Rodriguez appear to be insufficient for the reasons set forth in this Court's July 21, 2019 and July 25, 2023 orders. (Id.)

On August 7, 2023, Plaintiff filed a response to this Court's order to show cause, requesting that "[her] claims against Defendant Rodriguez not be dismissed," and stating that she "optimistically await[s] [this Court's] response to [her] request to reconsider and not allow Rodriguez's motion to be dismissed as she is the originator of the horrible experience [that Plaintiff] endured for many years."[1] (Pltf. Resp. (Dkt. No. 126) at 1, 4 (emphasis omitted))

Plaintiff contends that she "ha[s] clearly demonstrated [her] burden of proof to this [C]ourt by submitting evidence of Rodriguez's vitriolic behavior because of [Plaintiff's]

---

[1] To the extent that Plaintiff requests that this Court reconsider its decision to grant summary judgment as to Defendants Montefiore, Mack, Crute, and Leung, that request is denied. Plaintiff merely repeats arguments she made in opposing Defendants' summary judgment motion, which is insufficient to obtain reconsideration. See Richards v. N. Shore Long Island Jewish Health Sys., No. CV 10-4544 (LDW) (ETB), 2013 WL 950625, at *1 (E.D.N.Y. Mar. 12, 2013) ("[A] party may not merely offer the same arguments that were previously submitted to the court when seeking reconsideration."). Plaintiff also has not "demonstrate[d] controlling law or factual matters put before the court in its decision on the underlying matter that [she] believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." RST (2005) Inc. v. Rsch. in Motion Ltd., 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Accordingly, reconsideration is denied.

As to Plaintiff's reference to "Rodriguez's motion" (Pltf. Resp. (Dkt. No. 126) at 4), Rodriguez has filed no motion and has not appeared in this case.

religious practice," and that she "demonstrated that [her] religious belief was being attacked which created extreme animus against [her]." (Pltf. Resp. (Dkt. No. 126) at 2)  In particular, Brown contends that

> [y]ear after year during the Christmas season Rodriguez took it upon herself to question [Brown's] belief as to why [Brown] did not celebrate it.  [Brown] had explained numerous times throughout the years and Rodriguez seemed not satisfied with [her] stance.  It made [Brown] very uneasy as it seemed to [her] as though [Rodriguez] was always attempting to proselytize; as she spoke frequently about her leadership position in her church.
>
> This made matters worse for [Brown] during [her] daily work experience.  Rodriguez used her position to attack, belittle [Brown] very often.  [Rodriguez] encouraged Defendant Mack to conspire[] against [Brown] because [Brown] was not of either of their faith.
>
> [Brown] filed numerous complaints as noted by the Compliance and Risk Management (evidence filed).  [Rodriguez] continued her vitriolic behavior (witnessed in writing by [writer]) towards [Brown].  The Department of Human Resources Administration did not enforce their own written policies and procedures (which has also been submitted as evidence). . . .
>
> A peaceful and safe place to work was denied, as the HR leadership (Maureen O'Shea) failed to enforce their policies and procedures for which they are equally responsible for both Rodriguez's, Mack's behavior, Et al.
>
> [Brown's] medical physician[s] submitted their request to have [Brown] relocated/removed from being exposed to the daily torment, (medical notes were entered into evidence).

(Id. at 2-3)

Plaintiff further contends that "[t]here is no denying that [her] complaints/meeting with HR and Compliance angered Rodriguez and Mack which made them retaliate against [Plaintiff]."  (Id. at 3)  In particular, Plaintiff asserts that she "was called Satan many times by Mack as witnessed by Rodriguez herself and other staff members."  She further asserts that

> [i]t is highly offensive and discriminatory to call any human being "Satan" as Mack did on several occasions.  Calling [Brown] "Satan" in the presence of many is defaming [her] character and affecting [her] mental and emotional well-being.  It is deplorable to call anyone "Satan" as [Brown] ha[s] never behaved in an evil

3

way towards anyone.  [Brown] [is] a true Christian who loves Jehovah and [she] [is] respectful of all of God's Creation.

(Id.)

Brown alleged these same incidents and raised these same arguments in her opposition to Defendants Montefiore, Mack, Crute, and Leung's summary judgment motion (see Pltf. Opp. (Dkt. No. 105) at 25-26), and the Court addressed these incidents and Brown's arguments in the July 25, 2023 order granting summary judgment as to those Defendants.  (See July 25, 2023 Order (Dkt. No. 124) at 21-37)

In her response to this Court's order to show cause, Brown also enumerates "[c]ause[s] for [c]oncern":

1. Diane Rodriguez's [p]ersonnel file was never submitted into evidence for review.

2. Human Resources did not provide any documentation of [their] many meetings held with 1199 SEIU Delegates and Union Representatives.

3. Rodriguez was not subpoenaed and was a No Show at the deposition – the only one deposed was a[n] HR representative – (Not Maureen O'[S]hea) who sat in all of the meetings.

4. [Brown's] [a]nnual [e]valuations demonstrated [her] positive character, as it was kind, helpful, professional and friendly; which contradicts falsely made[-]up email that [Brown] was never presented until the deposition. . . .

5. Settlement Conference:

   [Brown] was le[d] to believe that after the settlement conference in 2020 which [Brown] was not in agreement with because it did not conform with [her] emotional suffering, loss of sense of security/safety in the workplace, [her] health, and as document[ed] by [her] physicians and [her] [l]awyers provided to assist [her] as per the New York Legal Assistant Group (Bruce Strong, Anderson Kill Law Firm) due to the years of duress, retaliation that held [her] in this demoralizing situation for years.  [Brown] believe[s] that true justice has yet to present itself.

(Pltf. Resp. (Dkt. No. 126) at 4)

Brown does not explain how any of these "[c]ause[s] for [c]oncern" show that her claims against Defendant Rodriguez should not be dismissed, however. Brown's complaints that certain evidence was not provided or "submitted into evidence" are unavailing, as she had a responsibility to conduct discovery and otherwise "meet the requirements necessary to defeat a motion for summary judgment," even as a pro se party. See Jorgensen v. Epic/Sony Recs., 351 F.3d 46, 50 (2d Cir. 2003) (quotation marks and citation omitted). Her complaint that Rodriguez "was not subpoenaed and was a No Show at the deposition" suffers from the same flaw. Moreover, Brown has not shown that any of this evidence – even if available and set forth in support of her claims – would create a material issue of fact as to her claims against Defendant Rodriguez. Brown's assertion that her evaluation demonstrates her "positive character" and "contradicts" a "made[-]up email" is of no moment, as the July 25, 2023 order did not rely on any such email, and Brown's "positive character" is not at issue with respect to her claims against Rodriguez. Finally, Brown's discussion of a 2020 settlement conference is irrelevant to the determination of whether Brown's claims against Rodriguez should be dismissed.

In sum, Brown has not explained why her claims against Defendant Rodriguez should not be dismissed, given this Court's discussion of Rodriguez's conduct in the July 25, 2023 order.

"Sua sponte dismissal of the complaint with respect to [a non-appearing defendant] is appropriate here, because the issues concerning [that defendant] are substantially the same as those concerning the other defendants, and [plaintiff] had notice and a full opportunity to make out h[er] claim[s] against [the non-appearing defendant]." Hecht v. Com. Clearing House, Inc., 897 F.2d 21, 26 n.6 (2d Cir. 1990); see also Chan v. City of New York, No. 19 Civ. 7239 (RPK) (SJB), 2023 WL 2734681, at *3 (E.D.N.Y. Mar. 31, 2023) ("[B]ecause

5

plaintiff's claims with respect to the non-appearing [defendants] are essentially identical, those claims are dismissed against those defendants as well."); <u>Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.</u>, 85 F. Supp. 2d 282, 288 n.4 (S.D.N.Y. 2000), <u>aff'd</u>, 2 F. App'x 109 (2d Cir. 2001) ("Even though defendant . . . did not enter an appearance in this case or join in the motion to dismiss, <u>sua sponte</u> dismissal with respect to him is appropriately considered if the issues are substantially the same as those concerning the other defendants, and plaintiff had notice and full opportunity to make out its claim against [the non-appearing defendant].").

In its order granting summary judgment to Defendants Montefiore, Mack, Crute, and Leung, this Court analyzed Rodriguez's conduct at length, and concluded that her conduct did not result in a hostile work environment for Brown and did not constitute retaliation against Brown. (<u>See</u> July 25, 2023 Order (Dkt. No. 124) at 22-27, 33-37) The Court nonetheless gave Brown an opportunity to explain why her claims against Rodriguez should be permitted to proceed. Because Brown has not shown that her claims against Rodriguez are plausible or that there is evidence that creates a material issue of fact as to those claims, Brown's claims against Rodriguez will be dismissed.

## CONCLUSION

For the reasons stated above, Plaintiff's claims against Defendant Rodriguez are dismissed. The Clerk of Court is directed to mail a copy of this order to <u>pro se</u> Plaintiff, and to close this case.

Dated: New York, New York
September 5, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge